# EXHIBIT 3





Name: REDACTED

Social Security # REDACTED

## CRST Expedited, Inc.
### Driver Employment Contract

This Driver Employment Contract (the "Contract") is entered into this day, REDACTED , (the "Effective Date") in the State of Iowa by and between CRST Expedited, Inc. ("CRST"), an Iowa corporation, and REDACTED ("Employee"). In consideration of the parties' respective promises in this Contract and other good and valuable consideration, including but not limited to the expenses, fees and costs advanced by CRST for Employee's driver training as more fully detailed in the Pre-Employment Driver Training Agreement previously entered into by and between the parties (the "**Pre-Employment Driver Training Agreement**"), CRST and Employee agree as follows:

1. EMPLOYMENT. Upon the terms and conditions set forth in this Contract, CRST employs Employee, and Employee accepts employment by CRST.

2. DUTIES OF EMPLOYEE. While employed by CRST, Employee shall devote full time to the performance of Employee's duties to CRST under this Contract. Employee's duties on behalf of CRST are to act as a truck driver for CRST and fulfill all related duties, including, but not limited to, satisfying and complying with all of the standards, requirements, obligations, and conditions set forth in the CRST Professional Driver's Handbook (the "Handbook"). Employee acknowledges having received the Handbook during CRST's orientation program, has read, and understands the policies and standards set forth therein. CRST may at any time change Employee's job responsibilities, duties and standards. CRST may from time to time unilaterally amend the Handbook, and Employee hereby consents to and agrees to be bound under this Contract by any and all such amendments upon receiving notice of the amendment. Employee will not directly or indirectly engage or participate in any activities at any time during the term of this Contract in conflict with duties under this Contract and/or the best interests of CRST. During the Term, Employee shall complete "Phase 3" and "Phase 4" of CRST's Driver Training Program, as those terms are defined in the Pre-Employment Driver Training Agreement.

3. TERM OF EMPLOYMENT. The term of CRST's employment of Employee under this Contract shall be for a period of ten (10) months commencing as of the Effective Date (the "Term") subject to termination prior to the end of the Term pursuant to Section 4 of this Contract. Following the Term, CRST shall employ Employee on an at-will basis, and either party may terminate the employment relationship at any time effective immediately

4. TERMINATION OF EMPLOYMENT. During the Term Employee's employment may be terminated only for the following reasons: (1) by CRST with or without Due Cause effective immediately, (2) by mutual agreement of CRST and Employee, or (3) upon the death of Employee. For the purposes of this Contract, "Due Cause" means Employee's breach of this Contract and/or Employee's failure to satisfy or comply with any of the standards, requirements, obligations and conditions set forth in the Handbook. If Employee is terminated without Due Cause during the Term, then the terms of Section 5 shall be null and void.

5. NON-COMPETITION RESTRICTIVE COVENANT.

   a. Employee acknowledges all of the following: Employee's ability to render the services under this Contract is the result of CRST having made a substantial financial commitment in Employee's driver training to satisfy the U.S. Department of Transportation and CRST requirements to become a professional truck driver with the expectation that CRST would recover such financial commitment during Employee's continuous employment for at least a ten (10) month period. CRST is entitled to recover during the Term the fees, expenses and costs advanced on behalf of Employee pursuant to the Pre-Employment Driver Training Agreement. If Employee's employment is terminated before the end of the Term, CRST will not recover such fees, expenses and costs, and CRST will suffer damages that cannot adequately be compensated by damages available in an action at law. Employee's experience and capabilities are such that Employee can obtain employment outside the trucking industry without breaching the Contract's terms and conditions including, but not limited to, the non-competition covenant in this Section 5.

   b. In light of the acknowledgements in section 5.a and the resulting competitive disadvantage Employee could cause CRST, Employee agrees and covenants that for a period equal to the greater of the Restrictive Term and the duration of CRST's employment of Employee, Employee will not directly or indirectly provide truck driving services to any CRST Competitor within the continental United States of America. For purposes of this

# EXHIBIT 3

CRST Expedited, Inc. Driver Employment Contract

Agreement: "CRST Competitor" means any motor carrier, common or contract, that provides a service offered by, similar to, competitive with or which can be used as an alternative to the services offered by CRST, or any other entity that shares some degree of common ownership with CRST, during Employee's employment by CRST. "Restrictive Term" means the Term including any period of the Term remaining after the termination of CRST's employment of Employee with or without cause by either party; provided, however, that the Restrictive Term shall lapse immediately upon Employee paying in full the amount due in paragraph 7. If Employee's employment is terminated before the end of the Term, Employee shall receive no compensation during the Restrictive Term.

c. Employee acknowledges that compliance with Employee's restrictive covenant set forth in section 5.b is necessary to protect CRST's investment in the Employee's driver training and that a breach of such restrictive covenant will irreparably and continually damage CRST, for which money damages may not be adequate. Consequently, Employee agrees that in the event Employee breaches or threatens to breach the restrictive covenant contained in section 5.b, CRST shall be entitled, in addition to its other remedies and damages available under law, to: (i) a temporary restraining order, a preliminary and/or a permanent injunction in order to prevent Employee from breaching such restrictive covenant; and (ii) payment by Employee for all costs and expenses, including but not limited to attorney fees, incurred by CRST in enforcing any provision of this Contract. Nothing in this Contract shall be construed to prohibit CRST from also pursuing any other remedy or seeking to enforce any legal remedies available against any person or company who hires Employee in violation of Employee's restrictive covenant in section 5.b. The parties hereby agree that all remedies shall be cumulative.

d. Employee acknowledges and agrees that the Restrictive Term and geographical area of restriction imposed by the non-competition restrictive covenant in section 5.b are fair and reasonably required for the protection of CRST. If at any time of enforcement of this Contract, a court shall hold that the duration, scope or area restrictions stated herein are unreasonable under circumstances then existing, CRST and Employee agree that the stated period, scope or area reasonable under such circumstances shall be substituted for the stated period, scope or area, and that the court shall be allowed and directed to revise the restrictions contained herein to cover the maximum period, scope and area permitted by law.

6. **COMPENSATION**. As compensation for the services to be rendered by Employee under this Contract, CRST will pay Employee the wages, benefits and other compensation set forth in the Handbook. CRST may unilaterally change at any time, by written amendment, the terms, and conditions of the compensation set forth in the Handbook, and Employee hereby consents to all such amendments and agrees that such amendments shall be binding upon Employee.

7. **REIMBURSEMENT OF ADVANCES FOR DRIVER TRAINING PROGRAM**. Student acknowledges and agrees that CRST advanced on behalf of Employee, in accordance with the Pre-employment Driver Training Agreement, the payment of certain tuition, lodging, transportation and other expenses and fees incurred by Employee in the course of Employee participating in the Driver Training Program ("DTP") sponsored by CRST. Student agrees to reimburse CRST for such advances as follows:

a. Following the conclusion of Phase 3 and the first week of Phase 4 of the DTP and when Employee is qualified as a company driver (*i.e.*, in the driver's sixth week of employment), CRST will begin deducting on a weekly basis up to a maximum of $40.00 per week from the driver's paycheck in repayment of CRST's advance on behalf of Student payment of certain fees and expenses during Phase 1 of the DTP, as identified in paragraph section 9 of the Pre-Employment Driver Training Agreement. This deduction will continue throughout Employee's employment until Employee pays in full the principal amount plus interest accruing at the rate equal to the lesser of 1.5% per month or the maximum rate permitted by applicable federal and state usury laws. Employee hereby authorizes the aforementioned deduction from Employee's paycheck.

b. If during the Term either (1) Employee breaches this Contract, or (2) Employee's employment is terminated for Due Cause, then Student will owe and immediately must pay to CRST the following sum: (i) $6,500, plus (ii) the amounts advanced by CRST on behalf of Student (pursuant to section 9 of the Pre-Employment Driver Training Agreement) for Student's DOT physical and drug screen expenses, Lodging Cost and Transportation Cost incurred during Phase 1 that Student has not yet repaid via deductions from weekly pay pursuant to this section 7(a), plus (iii) interest accruing as of the Effective Date at a rate equal to the lesser of 1.5% per month or the maximum rate permitted by applicable federal and state usury laws. Employee hereby authorizes CRST to deduct the amount due under this section 7.b, if any, from the compensation amounts otherwise due to Employee pursuant to section 6 upon the termination of Employee's employment. In the event it is necessary for CRST to employ a collection agency or legal counsel to enforce Employee's obligation under this section 7.b, CRST shall be entitled to recover from Employee such enforcement costs and expenses, including attorneys' fees.

# EXHIBIT 3

CRST Expedited, Inc. Driver Employment Contract

8. **ASSIGNMENT**. This Contract is not assignable or transferable by Employee. This Contract and the rights and obligations of both parties may be assigned by CRST without notice to or consent of Employee to any other organization with which CRST shares some degree of common ownership, or pursuant to or as the part of a corporate reorganization, corporate restructuring or merger involving CRST, or the sale by CRST of a substantial portion of CRST's assets or business or as part of any similar transaction involving CRST.

9. **NOTICE**. Any notice required to be given under this Contract must be in writing and made by personal delivery, facsimile, reputable overnight carrier, or registered or certified mail, return receipt requested and postage prepaid to the address for Employee set forth in the signature block of this Contract, and in the case of CRST, to CRST Expedited, Inc., P.O. Box 68, Cedar Rapids, IA 52406. Notice shall be deemed given upon delivery in the case of personal delivery or delivery via overnight carrier, upon receipt of electronic confirmation in the case of delivery via facsimile, and three days after the date of mailing in the case of delivery via mail. Either party may change the address to which notices are to be sent by giving written notice to the other party.

10. **ENTIRE CONTRACT; BINDING EFFECT**. This Contract contains the entire agreement and understanding by and between CRST and Employee with respect to the employment of Employee, and no representations, promises, agreements, or understandings, written or oral, not contained herein shall be of any force or effect. This Contract shall be binding upon and inure to the benefit of CRST and Employee, CRST's legal representatives, successors, and assigns.

11. **WAIVER AND AMENDMENT**. No waiver of any provision of this Contract shall: (1) be valid unless it is in writing and signed by the party against whom the waiver is sought to be enforced, or (2) be deemed a waiver of any other provision of this Contract at such time or at any other time. No change, amendment, or modification of this Contract shall be valid or binding unless it is in writing and signed by the party intended to be bound.

12. **SEVERABILITY**. If one or more of the provisions contained in this Contract is deemed invalid, illegal, or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect the validity and enforceability of the other provisions.

13. **GOVERNING LAW AND VENUE**. CRST and Employee hereby agree that this Contract and its construction and interpretation shall at all times and in all respects be governed by the laws of the State of Iowa, and any claim, litigation, or dispute arising from or related to this Contract shall be litigated in the appropriate federal or state court located in Cedar Rapids, Iowa. Employee hereby consents to personal jurisdiction and venue in such court.

Employee acknowledges having read the terms of this contract and had the opportunity to have the terms used herein and their consequences explained by employee's attorney prior to signing.

IN WITNESS WHEREOF, CRST Expedited, Inc. and Employee have duly executed this Contract as of the date, year, and place first above written.

CRST Expedited, Inc.

By: _____

Its _____

Employee SS#: REDACTED

Signature: REDACTED

Name: REDACTED

Address: REDACTED

City, State: REDACTED

Zip Code: REDACTED